### MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. et al.

(Circuit Court, S. D. New York. May 31, 1910.)

STREET RAILROADS (§ 54*)—FINANCIAL OPERATION—MORTGAGES—FORECLOSURE —SALE.

Where no bids were received by bondholders on a mortgage foreclosure sale of a part of a street railroad system, because the part offered for sale under the first mortgage could not be successfully operated except in connection with the balance of the road, which would be also shortly offered for sale under foreclosure of the second mortgage, the sale of the part secured by the first mortgage would be adjourned to the same date as the sale of the part covered by the second mortgage.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 54.*]

In Equity. Suit by the Morton Trust Company against the Metropolitan Street Railway Company and others to foreclose a mortgage securing bonds. Order passed fixing time of sale.

Bronson Winthrop, for complainant.
J. Parker Kirlin, for defendant.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
Dexter, Osborn & Fleming, for receiver of New York City Ry.
Byrne & Cutcheon, for Pennsylvania Steel Co. and another.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs: 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. Upon the recent offer at auction under decree of foreclosure of the first mortgage no bid was made by bondholders, for the expressed reason that the property then offered was but a part of what is known as the "Metropolitan System." The statement filed by them contains the following:

"However important a part it may be, it cannot be operated except in connection with the indispensable portion thereof which is not and cannot now be offered for sale. The latter portion will, in all probability, be made the subject of a decree of foreclosure at an early day and in due course offered for sale. The committee believes that the interests of all concerned and of the public require that a sale of the properties should be had so that they can be purchased practically at the same time. The large amount of new cash to be raised, and the practical conditions to be met, are each of such a character that the property can be utilized only as a 'unitary system.' * * * As soon as the property constituting the unitary system is offered for sale, this committee now intends to bid thereat," etc.

In order to meet the objection above set forth, the sale under foreclosure of second mortgage (the subject of this decree) is set for July 1st at 2 p. m., and the sale under first mortgage will be adjourned to same day at 12 m. This will enable bondholders and others to bid under conditions which will secure the opportunity, at practically the same time and place, for purchasers to acquire the unitary system of the Metropolitan Street Railway as it now exists in the hands of receivers, so that they can take hold of it and operate it without having to purchase anything else, except possibly the stock of the Bridge Operating Company. That stock, however, is apparently not covered by either mortgage. It was bought by receivers. If the purchaser at foreclosure wishes it, he can purchase it from them at a reasonable price.

As to the sale of lot 1, which is the property covered by first mortgage, suggestion was made on settlement of the decree that parties interested might decline to bid at the first mortgage sale, with the expectation of buying it at the second mortgage sale, subject, of course, to the lien of the first mortgage. It is not expected that any such thing will happen, nor could any such device be availed of to take over the property without paying the $10,000,000 which the Court of Appeals required. The power reserved to the court to reject any bid would effectually prevent any such result.

As to lots 13 to 18, inclusive, it is questionable whether they are covered by this mortgage. That question should be first determined, and thereafter such items as are found to be covered can be disposed of at a supplementary sale, where bondholders will have abundant opportunity to buy them in. A mere reference to the description of these items, which consist merely of numerous claims and choses in action against various persons, and a few bonds, indicates that their possession is in no way necessary to the operation of the unitary railway system. There is no reason why the court should delay disposing of that system and securing relief from its further operation, merely because the mortgagee contends that some of these claims are covered by its mortgage. The suggestion made in the brief that such portions of these lots—the property of the Metropolitan Street Railroad Company—as are not subject to the mortgage should nevertheless be

sold now is certainly extraordinary. It is difficult to see on what theory it could be held that bondholders have anything to say about the disposition of property not subject to their mortgage. It may well be that some of these claims of the Metropolitan against other parties should not be sold at all, but that some effort should be made to collect them for the benefit of unsecured creditors.

It is not intended by this reservation to delay the disposition of these questions as to lots 13 to 18. As soon as the present session of the Court of Appeals closes, a day will be named for hearing argument upon them, and, if counsel themselves ask for no delay, decision as to all of the disputed items may reasonably be expected before the summer vacation.